IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PORTIS,<br><br>    Plaintiff,<br><br>  v.<br><br>Deputy G. ARNOLD,<br><br>    Defendant. | No. C 07-3975 WHA (PR)<br><br>**DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, an inmate of Pleasant Valley State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff also requests leave to proceed in forma pauperis.

**DISCUSSION**

*A. Standard of Review*

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2)

1 that the violation was committed by a person acting under the color of state law. *West v. Atkins*,
2 487 U.S. 42, 48 (1988).

*B. Legal claims*

Plaintiff's "Statement of Claim" reads in its entirety: "Expectations without verbal or written communication was sited i[n] the deputies['] written report. I was 'expected' to return to my cell. However, I stopped to get a cup of water, prior. [¶] Accusations of using profanity without validation. Since my arrival at the Santa Rito facility[,] the defendant has made it a point & verbally stated he was instigating confrontation with me. The defendant has verbally and physically abused me, which also has caused mental stress."

The first paragraph does not contain an allegation that anyone – the defendant or anyone else – actually did anything to plaintiff, so does not allege the violation of a constitutional right.

The second paragraph contains an assertion that defendant "verbally and physically abused me," but this is conclusory and thus not sufficient to state a claim. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (to state a claim complaint must contain more than "conclusions."). The complaint will be dismissed with leave to amend.

In amending, plaintiff should bear in mind that while physical abuse, at least when it amounts to excessive force, is actionable, *Whitley v. Albers*, 475 U.S. 312, 319 (1986), verbal abuse does not violate a constitutional right, *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997), and prisoners cannot obtain damages for "mental stress," 42 U.S.C. § 1997e(e). He should also note that while a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *See Bell Atlantic Corp.*, 127 S. Ct. at 1964-65. Plaintiff must "proffer enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order. The amended complaint must include the caption and civil

case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of these claims.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing with the clerk a separate paper headed "Notice of Change of Address." Papers intended to be filed in this case should be addressed to the clerk and not to the undersigned. Petitioner also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: August  12 , 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.07\PORTIS975.DWLTA.wpd

3