*First Amended Complaint*

FILED

1 **COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

2 Name  *Portis*          *John*

3    (Last)             (First)           (Initial)

4 Prisoner Number  *F- 49814*

5 Institutional Address  *High Desert State Prison*
6                               *Susanville, California 96127*

7                   **UNITED STATES DISTRICT COURT**
                  **NORTHERN DISTRICT OF CALIFORNIA**

8     *John St. Portis*
9 (Enter the full name of plaintiff in this action.)

10           vs.                    Case No. *C07-3975 WHA (PR)*
                                    (To be provided by the Clerk of Court)

11 *Deputy. G. Arnold*

12 *Deputy M. Ibarra*                   **COMPLAINT UNDER THE**
                                  **CIVIL RIGHTS ACT,**
13 *Deputy. (K. Henrieksen)*             **Title 42 U.S.C § 1983**

14 *Deputy/Sgt. Shaull*
(Enter the full name of the defendant(s) in this action)
15 *John Does, #1-10*

16 *[All questions on this complaint form must be answered in order for your action to proceed..]*

17 I.    Exhaustion of Administrative Remedies.

18     **[Note:** You must exhaust your administrative remedies before your claim can go

19     forward. The court will dismiss any unexhausted claims.]

20     A.    Place of present confinement  *High Desert State Prison*

21     B.    Is there a grievance procedure in this institution?

22             YES (X)    NO ( )

23     C.    Did you present the facts in your complaint for review through the grievance

24          procedure?

25             YES (X)    NO ( )

26     D.    If your answer is YES, list the appeal number and the date and result of the

27          appeal at each level of review. If you did not pursue a certain level of appeal,

28          explain why.

COMPLAINT                  - 1 -

1    1. Informal appeal _N/A (Alameda County Jail)_

2    _____

3    _____

4    2. First formal level_____

5    _____

6    _____

7    3. Second formal level_____

8    _____

9    _____

10   4. Third formal level _____

11   _____

12   _____

13   E.    Is the last level to which you appealed the highest level of appeal available to

14        you?

15              YES ( )       NO ( )

16   F.    If you did not present your claim for review through the grievance procedure,

17   explain why. _N/A_ _____

18   _____

19   _____

20   II.   Parties.

21   A.    Write your name and your present address. Do the same for additional plaintiffs,

22        if any.

23   _John St. Portis/HDSP/P.O. Box 3030/Fac.A, bd.#2-135L_

24   _Susanville, California 96127_

25   _Inmate Lewis, and others._

26   B.    Write the full name of each defendant, his or her official position, and his or her

27        place of employment.

28   _Deputy G. Arnold/Alameda County Jail/Santa Rita_
     _5325 Broder Boulevard/Dublin, California 94568_

COMPLAINT                        - 2 -

1  Deputy M. Ibarra/Alameda Co. Jail/Santa Rita/Dublin Ca. 94568
2  Deputy K. Henricksen/Alameda Co. Jail/Santa Rita/Dublin, Ca. 94568
3  Sergeant Shaull/Alameda Co. Jail/Santa Rita/Dublin, Ca. 94568
4  John Does, #1-10, Alameda County Jail Staff And Officials

5  III.    Statement of Claim.

6          State here as briefly as possible the facts of your case.  Be sure to describe how each

7  defendant is involved and to include dates, when possible.  Do not give any legal arguments or

8  cite any cases or statutes.  If you have more than one claim, each claim should be set forth in a

9  separate numbered paragraph.

10  This is a Civil Rights Action filed by John St. Portis,
11  a State Prisoner, however, at the time of the violations
12  the Plaintiff and Plaintiff's were Alameda County Jail
13  Inmates. The Plaintiff's are requesting declaratory relief,
14  and damages under 42 U.S.C. §1983, alleging Excessive
15  Force, Assault, deliberate indifference, and deliberate
16  indifference to Plaintiff John Portis' serious medical
17  needs in violation of the Eighth Amendment to the
18  United States Constitution. The Plaintiffs allege the torts
19  of Gross Negligence, Malice, Opression, Wanton Infliction
20  of Pain & Suffering and of Emotional Distress under
21  the "Tort Laws" of the State of California.

22

23  IV.    Relief.

24          Your complaint cannot go forward unless you request specific relief.  State briefly exactly

25  what you want the court to do for you.  Make no legal arguments; cite no cases or statutes.

26      See Attached, VII & VIII

27

28

COMPLAINT                    - 3 -

I

## Jurisdiction

1. The court has Jurisdiction over the Plaintiff's claims of violation of federal constitutional rights under 28 U.S.C. §1331(a).

2. The court has supplemental Jurisdiction over the Plaintiff's state law tort claims under 28 U.S.C. §1367.

## Defendants

1. Deputy G. Arnold is employed as an Alameda County Jail Deputy, Sheriff's Office, 1225 Fallon St., #104, Oakland, Ca. 94612-4216.

2. Deputy M. Ibarra is employed as an Alameda County Jail Deputy, Sheriff's Office, 1225 Fallon St., #104, Oakland, Ca. 94612-4216.

3. Deputy (K. Henricksen) is employed as an Alameda County Jail Deputy, Sheriff's Office, 1225 Fallon St., #104, Oakland, Ca. 94612-4216.

4. Sergeant/Deputy, Shaull is employed as an Alameda County Jail Deputy, Sheriff's Office, 1225 Fallon St., #104, Oakland, Ca. 94612-4216.

5. John Does #1-10 is employed as Sheriff's Deputies and/or Staff Members at the Alameda County Jail, Sheriff's Office, 1225 Fallon St., #104, Oakland, Ca. 94612-4216. The Plaintiff does not know the name of these defendants. The identity of these defendants will be discovered through discovery.

All defendants are being sued in their Official and Individual Capacities.

## Personal Involvement

The Plaintiff alleges Personal involvement of the defendants in

II

the constitutional violations by the following:

1. Defendant, G. Arnold, intentionally and obdurately snatched me off the floor while I was laying on my stomach in handcuffs on 10-24-06, injuring my ® right and ⒧ left shoulder, and my left side.

2. Defendant, M. Ibarra failed to act on obvious risks to the health and safety of the Plaintiffs; and knew of and recklessly disregarded an excessive risk to the Plaintiffs health and safety when Defendant Ibarra knew or should have known that Defendant. G. Arnold both, had a history of assaulting and using excessive force on Plaintiff. Portis and other Alameda County Jail Inmates. (Clement v. Gomez (9ᵗʰcir. 2002) 298 F. 3d 898, 903 n.3)

3. Defendant, K. (Henricksen) failed to act on obvious risk to the health and safety of the Plaintiffs; and knew of and recklessly disregarded an excessive risk to the Plaintiffs health and safety when Defendant K.(Henricksen) knew or should have known that Defendant G. Arnold both, had a history of assaulting and using excessive force on Plaintiff. Portis and other Alameda County Jail Inmates. (Clement v. Gomez (9ᵗʰcir. 2002) 298 F. 3d 898, 903 n.3)

4. Defendant, Sergeant Shaull failed to act on obvious risk to the health and safety of the Plaintiffs; and knew of and recklessly disregarded an excessive risk to the Plaintiffs health and safety when Defendant. Sgt. Shaull knew or should have known that Defendant. G. Arnold both, had a history of assaulting and using excessive force on Plaintiff Portis and other Alamenda County Jail Inmates. (Clement v. Gomez (9ᵗʰcir. 2002) 298 F. 3d 898, 903 n.3)

5. Defendants John Does, #1-10 failed to act on obvious risk to the health and safety of the Plaintiffs; and knew of and recklessly

Ⅲ

disregarded an excessive risk to the Plaintiff's health and safety when Defendants, John Does, #1-10 Knew or should have Known that Defendant G. Arnold both, had a history of assaulting and using excessive force on Plaintiff Portis and other Alameda County Jail Inmates. (Clement v. Gomez (9ᵗʰ cir. 2002) 298 F. 3d 898, 903 n.3)

6. Defendants G. Arnold, M. Ibarra, K. (HenRicKsen), Sergeant Shaull, and John Does #1-10, approved, allowed, or tacitly authorized their subordinate employees to purposefully deny or ignore the Plaintiff's serious medical needs.

7. Defendants G. Arnold, M. Ibarra, K. (HenRicKsen), Sgt. Shaull, and John Does #1-10, approved, allowed, continued, or tacitly authorized Policies, Practices, or Procedures which were substantially certain to result in deprivations of the Plaintiff's constitutional rights.

8. Defendants Sergeant Shaull and John Does #1-10 are liable for the constitutional violations against the Plaintiff's based, not upon notions of respondeat superior, but upon supervisorial indifference or tacit authorization of subordinate misconduct which is a direct cause of a constitutional injury.

IV

## Statement of Claim

The Plaintiffs are stating claims for Excessive Force, Assault, deliberate indifference, and deliberate indifference to the Plaintiffs serious medical needs in violation of the Eighth Amendment to the United States Constitution.

The Plaintiffs are stating a claim for state tort violations under the courts supplemental Jurisdiction for Gross Negligence, Malice, Oppression, Wanton Infliction of Emotional Distress, and Pain & Suffering.

1. While housed at the Alameda County Jail, Deputy G.L. Arnold had a personal problem with Plaintiff Portis and other class Plaintiffs/Inmates. Deputy Arnold Purposely instigated confrontations between staff and inmates and between inmate and inmate.

2. On 10-23-06 Plaintiff Portis had an altercation with another inmate because of Deputy Arnold's instigations. The other inmate confessed to Plaintiff Portis and other class Plaintiffs that Deputy Arnold told him to Pick a fight with Plaintiff Portis and he would take care of him with food and cigarettes.

3. On 10-24-06 Defendant G. Arnold, intentionally and obdurately with Malice, snatched me off the floor by my wrist while I was laying on my stomach in hand cuffs. This Purposeful assault on my Person injured my right and left shoulder and my left side.

4. On 10-25-06 Deputy Arnold slammed my door open scaring me and inmate Lewis, my cellie, and Proceeded to threaten me with a, D.A. referral and threats of violence.

5. Deputy Arnold on numerous occasions refused to allow

me my Prescribed medications. Deputy Arnold threatened to Pepper spray/mace me for asking for lunch while in the isolation room. John Doe sergeant was also with Deputy Arnold when the above mentioned threat occured.

6. On numerous occasions Deputy Arnold made remarks about class member inmates family members and their personal lives. During the incident where Plaintiff Portis was threatened with Pepper spray, Deputy Arnold made unprofessional remarks about the Plaintiffs family.

7. On 10-16-06 Deputy Arnold made another threat towards Plaintiff Portis, Stating "If you do anything I will give you a D.A. referral for a non-existing violation of the law".

8. While Plaintiff was housed at Alameda County Jail, after the assault, the Alameda County Sheriff Department, Deputy Arnold and others, refused to allow me to be seen by the medical department.

9. After being transferred to San Quentin State Prison, I was seen by the medical department on 11-13-06 and was Prescribed Methadone and Morphine tablets for "Pinched Nerves" stemming from the assault by Deputy Arnold.

10. Plaintiff Portis filed numerous ,Inmate Grievances, on Deputy ...... Arnold citing acts of constitutional violations ,however, Alameda County Jail's Grievance Department failed to respond or Process the Grievances. Some dates of filing and copies of Grievances are attached. (9-27-06;10-22-06;10-24-06)

11. Since Jail inmates and Prisoners cannot obtain their own medical care, the U.S. Constitution re2uires that Prison authorities Provide them with "reasonably ade2uate medical care reasonably commensurate

VI

with modern medical science and of a quality acceptable within Prudent Professional Standards".

12. The Plaintiffs claim that the defendants have demonstrated deliberate indifference to their needs, violating the cruel and Unusual Punishment Standard, the Unnecessary and Wanton Infliction of Pain Standard, and to their serious medical needs, which again visits upon the Plaintiffs the Wanton infliction of Pain and suffering unrelated to any Penological interests or Purposes of his confinement, in violation of the Plaintiffs rights and Protections as guaranteed under the Eighth Amendment to the United States Constitution.

13. The Plaintiff claims that the actions of the defendants are violations of the Plaintiffs rights and Protections as guaranteed under Article I, section 17 of the California State Constitution.

VII

## Relief

The Plaintiffs Prays for the following relief:

Declaratory Relief:

1. The complained of actions of the defendants have demonstrated Deliberate Indifference to the Plaintiffs Constitutional Rights and Protection Against Cruel and Unusual Punishment and the Plaintiffs serious medical needs.

2. The complained of actions of the defendants have demonstrated Gross and Systematic deficiencies in the care and treatment of the Plaintiffs' serious medical needs.

3. The complained of actions of the defendants have Proximately, inclussively, and directly injured or threaten to injure the Plaintiffs rights, Priviliges, benefits, immunities, and Protections under the Eighth Amendment to the U.S. Constitution, and Article I, section 17 of the California State Constitution.

4. The failure of the defendants to Properly and Promptly respond to the Plaintiffs' numerous written and verbal complaints demonstrates Gross Recklessness.

5. The complained of actions of the defendants have inflicted upon the Plaintiffs Gratuitous Pain and suffering unrelated to any Penological interests or Purposes of their confinement.

Monetary Damages:

6. Award the Plaintiffs compensatory damages in the amount of Fifteen Million ($15,000,000.00) Dollars Jointly and severally from the defendants.

1. Award the Plaintiffs Punitive damages in the amount of **Ten Million ($10,000,000.00) Dollars** individually from each defendant.

Other Relief:

8. Court costs and fees.

9. Award the Plaintiffs any other relief which the court feels the Plaintiffs are entitled to.

The Plaintiffs respectfully request "class certification" in this matter.

The Plaintiffs respectively Demands a Jury Trial in this action.

I, John St. Portis, declare under Penalty of Perjury that the foregoing is true and correct.

Executed this 1st day of April, 2008, at High Desert State Prison, Susanville, California 96127-3030.

_M. John Port_
John St. Portis / F-49814

# Exhibits

4./.04/14 9/28/06

#18

COPY #

1

**ALAMEDA COUNTY SHERIFF'S DEPARTMENT**
**SANTA RITA JAIL**
**INMATE GRIEVANCE FORM**

NAME: _Tolly PoRTS_                        PFN: _ANE689_

HOUSING UNIT: _UNIT-6 - Cell-6 EaST-Sd_ DATE: _9-27-06_

---

NATURE OF GRIEVANCE: (Give specific details)    The stared Written

Disciplinary ReporT is in violaTion of my Due Process RighTs.

                    FAcT U)

The Written ReporT Clearly states ThaT inmate PoRTis Was "EXPECTED"
To ReTrun To The Cell, but never given a verbal order (212) NoT To geT a cup
of hoT water. and WithouT such order rule violaTions 101 6, 212, 218
are not violaTed.

                    FACT #2)

The Written ReporT donoT identifiy my behavior as disrupTive
To cause Physical harm To seLf or others, so Their Was no reason
for my placement in the ISOLATION cell. IT is clearing undersTood
by laws, ThaT The ISOLATION cell is not To be us for punishmenT.
or as a substiTuTe for TreaTment.

                    FAcT (3)

The Written ReporT clearly do not identify Who I used
Profanity Towards- To violate Rule 211.

Due Process of law REQUIRE, ThaT a Disciplinary ReporT
"MusT" be WriTTen TruThfully. I REQuesT ThaT The
Disciplinary ReporT #04501676 be ExPunged do To The
FacTs sTared above. This is for DepuTy ARNOLD G. #508

*** DO NOT WRITE ON THE BACK OF THIS FORM.   USE ANOTHER FORM, WRITE PAGE 2

                    SIGNATURE: _____

**\*\*\* DO NOT WRITE BELOW THIS LINE - ADMIN USE ONLY \*\*\***

RECEIVED BY DEPUTY: _M. IBARRA_        BADGE #: _1465_ DATE: _10/02/06_

[ ] RESOLVED-INMATE ACCEPTANCE: _____ [✓] CAN NOT BE RESOLVED AT THIS LEVEL
    Explain resolution on reverse side.   Draw tracking number from CP-11

FORWARDED TO SGT. _____        TRACKING NUMBER: _066-S137½_

Copies:  White    -. Staff Use
         Yellow - Inmate Receipt Copy                      ML-51 (rev 5/94)

**ALAMEDA COUNTY SHERIFF'S DEPARTMENT**
**SANTA RITA JAIL**
**INMATE GRIEVANCE FORM**

NAME: _John Portis_    PFN: _ANE 684_

HOUSING UNIT: _West - 6- P-Cell-2_    DATE: _10-22-06_

**NATURE OF GRIEVANCE: (Give specific details)**

Since my arrival at this facility, Dep. G.L. Arnold has seemed to have a personal problem with me. He instigates confrontations, not only with me, but, with "all" inmates. This needs to be investigated. Dep. G.L. Arnold is a "Time Bomb" waiting to blow. He is a danger and a threat to the inmates and security of Housing Unit #6.

On several occassions he, Dep. Arnold, has refused me my medication; abused his authority over me; threatned to mace me for asking for lunch, and a Sgt. while in the isolation room. He has even made very unprofessional remarks about my family.

When I asked for a grievance form, Dep. Arnold reply was: 'Why? Nothing will come of it. So stand in line'.

On the 16th of this month (October) Dep. Arnold made a threat towards me. Stating that if I did anything, he will give me a D.A. referral for some non-existing violation of the law.

This has gotten out of hand. Something needs to be done about Dep. Arnold, attitude towards inmates. 10-23-06 I had AN INCIDENT WITH ANOTHER INMATE (POD WORKER) I WAS TREATED AGAIN UNFAIRLY — ISOLATED, AND THE WHITE INMATE NOT RELOCATED OR ANYTHING, MORE RACIAL UNREST.

**\*\*\* DO NOT WRITE ON THE BACK OF THIS FORM. USE ANOTHER FORM, WRITE PAGE 2**

SIGNATURE: _John Port_

**\*\*\* DO NOT WRITE BELOW THIS LINE - ADMIN USE ONLY \*\*\***

RECEIVED BY DEPUTY: _V. HENDICKSEN_    BADGE #: _1744_    DATE: _1024,6_

[ ] RESOLVED-INMATE ACCEPTANCE: _____    [✓] CAN NOT BE RESOLVED AT THIS LEVEL
Explain resolution on reverse side.    Draw tracking number from CP-11

FORWARDED TO SGT. _____    TRACKING NUMBER: _06G-S/9955_

Copies:  White  - Staff Use
         Yellow - Inmate Receipt Copy    ML-51 (rev 5/94)

**ALAMEDA COUNTY SHERIFF'S DEPARTMENT**
**SANTA RITA JAIL**
**INMATE GRIEVANCE FORM**

**NAME:** JOHN PORTIS                          **PFN:** ANE 664
**HOUSING UNIT:** 7 WEST E-2                    **DATE:** 10-24-06

**NATURE OF GRIEVANCE: (Give specific details)**   I feel my life is in
Danger. Deputy GL Arnold - abused me physical while I was
in hand cuffs. I hurt my right shoulder - badly. This has gotten
out of hand, like I stated in my grievance dated 10-22-06.
To top it off, I been served a disciplinary report
Report # 0650186.07. In it I'm accused of being the bad guy.
Please see my medical report records - to show I couldn't
even be running up on anyone. With all the isolation cell
and movements - I've been treated unfairly. I request my
x-ray of my right shoulder - for. My left Knee is
still swollen up.

*** DO NOT WRITE ON THE BACK OF THIS FORM, USE ANOTHER FORM, WRITE PAGE 2
                    SIGNATURE: _____
*** DO NOT WRITE BELOW THIS LINE - ADMIN USE ONLY ***

**RECEIVED BY DEPUTY:** K. HENRICKSEN    **BADGE #:** 1745    **DATE:** 10-25-06

[ ] RESOLVED-INMATE ACCEPTANCE: _____ [✗] CAN NOT BE RESOLVED AT THIS LEVEL
    Explain resolution on reverse side.    Draw tracking number from CP-11

**FORWARDED TO SGT.** SHAULL          **TRACKING NUMBER:** 066-51500

Copies:  White     - Staff Use
         Yellow - Inmate Receipt Copy                              ML-51 (rev 5/94)

ON- 10-25-06 Time at 630 AM
235 pm

I WAS called over the mic
by the Tech to K70 to
the East Mod. WAITING Room — to meet
Deputy Arnold ~~~~ I went to meet
meet him — but he was not there. I left
returned to my cell — And Deputy ~~~~
ARNold came to my cell — opened it in a very
threatening manner — Scarying me and
my cellie. I followed Deputy then out of the
cell — After he said — I didn't have a
choice rather to talk with him — I
told him again in front of Bldg 7's
Deputy — I didn't want to talk with him.

My cellie name is LEWIS — he
witnessed the verbal DA attempt threat
of BATTERY —

**ALAMEDA COUNTY SHERIFF'S DEPARTMENT**
**SANTA RITA JAIL**
**INMATE GRIEVANCE FORM**

NAME: _____   PFN: _____

HOUSING UNIT: _____   DATE: _____

NATURE OF GRIEVANCE: (Give specific details)

Since my arrival at this facility Dep. G.L Arnoln has seemed
as if he has a personal problem with me. He instigates
confrontations not only with me but with "all" in mates.
This needs to be investigated as well. He is a "Time Bomb"
waiting to blow. He's the one that is dangerous.
On several occassions he has refused me my meds, abused his
authority over me, threatened me with mace for asking
for lunch + a SGT while in isolation. He even talked, making
unprofessional remarks about my family.

When I asked for a grievance form his reply of reaction was
why nothing will come of it so stand in line.

10 06
On the 16th Nov of this month
Dep G.L made a about if
I do anything he will give me
a D.A referral this got out of
hand. Something need to be done.

_____

_____

_____

_____

*** DO NOT WRITE ON THE BACK OF THIS FORM.  USE ANOTHER FORM, WRITE PAGE 2

SIGNATURE: _____

**\*\*\* DO NOT WRITE BELOW THIS LINE – ADMIN USE ONLY \*\*\***

RECEIVED BY DEPUTY: _____   BADGE #: _____  DATE: _____

[ ] RESOLVED-INMATE ACCEPTANCE: _____ [ ] CAN NOT BE RESOLVED AT THIS LEVEL
    Explain resolution on reverse side.   Draw tracking number from CP-11

FORWARDED TO SGT. _____   TRACKING NUMBER: _____

Copies:  White .      - Staff Use
         Yellow - Inmate Receipt Copy                    ML-51 (rev 5/94)

# EXHIBIT

**ORIGINAL FILED**

MAR  4 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN PORTIS,                                     No. C 07-3975 WHA (PR)

      Plaintiff,                              **ORDER EXTENDING TIME TO AMEND**

  v.

Deputy G. ARNOLD,

      Defendant.
_____/

Plaintiff's motion for an extension of time to amend (document number 5 on the docket)

is **GRANTED**. The amended complaint, if any, shall be filed within thirty days of the entry of

this order. If it is not, this case will be dismissed for failure to state a claim. No further

extensions will be granted.

      **IT IS SO ORDERED.**

Dated: March __4__, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.07\PORTIS975.EXT-P.wpd

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JOHN ST. PORTIS,

        Plaintiff,

v.

G. ARNOLD et al,

        Defendant.

_____/

Case Number: CV07-03975 WHA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 4, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John Portis
Folsom State Prison
F - 49814
PO Box 71
Represa, CA 95671

Dated: March 4, 2008

        Richard W. Wieking, Clerk
        By: D. Toland, Deputy Clerk

John Yontis F-49814
High Desert State Prison
Facility A, Bldg #2-135,
Post Office Box 3030
Susanville, California 96127

A2

STATE PRISON

United States District Court
Northern District of California
U.S. Courthouse
450 Golden Gate Avenue
San Francisco, California 94102-3483