Case 3:07-cv-03975-WHA Document 9 Filed 07/09/2008 Page 1 of 30

ENDORSED
FILED
ALAMEDA COUNTY

NOV 2 2006

CLERK OF THE SUPERIOR COURT
By Yolanda Maldonado, Deputy

1

2

3    IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

4         IN AND FOR THE COUNTY OF ALAMEDA

5       BEFORE THE HONORABLE JOSEPH HURLEY, JUDGE

6            DEPARTMENT NO. 11

7               ---oOo---

8

9
     THE PEOPLE OF THE STATE OF CALIFORNIA,

10
                PLAINTIFF,

11
     VS.                          NO.   153619B

12
     JOHN STIEFFON PORTIS,

13
                DEFENDANT.

14    _____ /

15

16        **PROCEEDINGS ON SENTENCE-STATE PRISON INDICATED**

17

18                RENE C. DAVIDSON
              ALAMEDA COUNTY COURTHOUSE
19                OAKLAND CALIFORNIA

20              **OCTOBER 27, 2006**

21

22

23    APPEARANCES

24
     FOR THE PEOPLE:          THOMAS J. ORLOFF
25                            DISTRICT ATTORNEY
                              BY:  CONNIE CAMPBELL
26                            DEPUTY DISTRICT ATTORNEY

27
     FOR THE DEFENDANT:       CAROLINE GEORGE
28                            ASSISTANT PUBLIC DEFENDER

SYLVIA A. RUBINO, CSR 10930

*(handwritten in left margin:)* Like to Add this to my Lawsuit. Case No. C07-3975 WHA(PR)

*(handwritten in left margin:)* First Amended Complaint.

```
 1    FRIDAY, OCTOBER 27, 2006          MORNING SESSION
 2                    P R O C E E D I N G S
 3                          ---oOo---
 4             (OTHER MATTERS HEARD, NOT TRANSCRIBED.)
 5             THE COURT:   JOHN PORTIS.   153619B.
 6        MR. PORTIS HAS A LETTER HERE.   HAVE YOU SEEN IT,
 7    COUNSEL?
 8             MS. GEORGE:   HE'S ASKING FOR ADDITIONAL
 9    RECOGNITION.   I HAVE MADE AN EFFORT TO TRY AND RENEGOTIATE
10    A DIFFERENT DISPOSITION BEFORE HIM TODAY.   I WAS NOT
11    SUCCESSFUL IN THAT.
12             THE COURT:   WELL, AM I SUPPOSED TO INTERPRET THE
13    LETTER AS SOME KIND OF MOTION TO WITHDRAW HIS PLEA?
14             MS. GEORGE:   HE DOESN'T WANT TO WITHDRAW.
15             THE COURT:   I'M PREPARED THEN TO GO FORWARD.
16        FURTHER ARRAIGNMENT WAIVED?
17             MS. GEORGE:   YES.
18             THE COURT:   IS THERE ANY LEGAL CAUSE WHY SENTENCE
19    SHOULD NOT NOW BE PRONOUNCED?
20             MS. GEORGE:   NO.
21             THE COURT:   DOES EITHER SIDE WANT TO SPEAK
22    FURTHER?
23             MS. CAMPBELL:   SUBMITTED, YOUR HONOR.
24             THE COURT:   RESTITUTION, I HAVE AMOUNTS FROM THE
25    REPORTS TOTALING $230.   I INTEND TO IMPOSE THAT AND
26    RESERVE FURTHER RESTITUTION.   I DON'T THINK THERE'S ANY
27    SURPRISES ON ANYTHING ELSE.
28             MS. GEORGE:   SUBMITTED AS TO THE RESTITUTION
```

```
 1    CLAIM.
 2              THE COURT:  MR. PORTIS, DO YOU WANT TO SAY
 3    ANYTHING BEFORE I SENTENCE YOU?
 4              THE DEFENDANT:  NO.
 5              MS. GEORGE:  HE'S NOT FEELING TOO WELL.
 6              THE COURT:  MOST PEOPLE IN THESE SITUATIONS
 7    PROBABLY WOULDN'T.
 8       ARE YOU FEELING WELL ENOUGH TO GO THROUGH WITH THIS,
 9    SIR?
10              THE DEFENDANT:  YES, SIR.
11              THE COURT:  YOU APPEAR FINE IN TERMS OF -- YOU'RE
12    NOT -- YOU DON'T HAVE A TEMPERATURE, ET CETERA?
13              THE DEFENDANT:  NO.
14              THE COURT:  DO YOU WANT TO SAY ANYTHING?
15              THE DEFENDANT:  STILL DON'T SEE WHY I'M GETTING
16    STUCK.  THE POLICE REPORT, AIN'T NONE OF MY NAME ON
17    NOTHING ON THE POLICE REPORT.  PUT IT OVER, THAT'S ABOUT
18    ALL THAT I WAS GOING TO SAY.  TRYING TO GET A STRIKE
19    OFF -- JUSTICE.
20              MS. GEORGE:  I'VE ADDRESSED IT WITH MS. CAMPBELL.
21    SHE IS NOT PREPARED TO RENEGOTIATE THE CASE.
22              THE DEFENDANT:  I'D SAY TO YOU, BEING ABLE TO
23    DECIDE -- YOU KNOW WHAT I MEAN?
24              THE COURT:  WHETHER YOU WANT TO TAKE IT OR NOT,
25    THIS IS GOING TO HAPPEN.  THIS IS YOUR TIME TO SPEAK.  I'M
26    AWARE AT THIS POINT YOU WANT TO SAY HOW YOU REALLY DIDN'T
27    DO ANYTHING WRONG.  BUT YOU PLED NO CONTEST.  YOU WERE
28    FOUND GUILTY.  I'M NOT GOING TO BE CHANGING ALL THAT.
```

1          THE ONLY THING I GET CLOSE TO DOING ON THAT, IF THEY

2     WANT TO COME TO AN AGREEMENT, OR I TREAT IT LIKE YOU WANT

3     TO WITHDRAW YOUR PLEA, I WILL LOOK AT EVERYTHING.

4          BUT ONE OF THE FIRST THINGS I WOULD LOOK AT IS, THERE

5     IS A CO-DEFENDANT.  YOU BOTH WENT FOR THE SAME THING, AND

6     THE PEOPLE WOULD BE GREATLY HARMED TO LET YOU START ALL

7     OVER, AND THEN POINT OUT THE GUY THAT IMPLANTS YOU -- THEY

8     WOULDN'T HAVE DONE THAT UNLESS YOU BOTH PLED.

9          YOU CAN TELL ME HOW, GEE, YOU DIDN'T KNOW THAT THE

10    OTHER GUY WAS COMMITTING A ROBBERY.  YOU'RE JUST THE

11    GET-AWAY GUY WHO IS IGNORANT.  AND MAYBE THAT WOULD WORK

12    ON A BURGLARY.  IT'S A LITTLE TOUGH TO EXPECT IT WORK ON A

13    ROBBERY.  AND PEOPLE ARE HANDING GUNS AROUND, AND YOU JUST

14    DIDN'T REALIZE IT?  YOU KNOW.

15          THE DEFENDANT:  WELL, I DON'T CARE --

16          THE COURT:  I'M NOT AS DUMB AS I LOOK, IS THE

17    PHRASEOLOGY PROBABLY THAT FITS.

18          I'M READY TO GO FORWARD, THEN.

19          YOU ARE, PURSUANT TO THE PLEA AGREEMENT, YOU ARE

20    SENTENCED TO TWO YEARS' STATE PRISON.  THAT IS THE

21    LOW-TERM.  IT IS A SERIOUS FELONY, IT'S A SERIOUS VIOLENT

22    FELONY.

23          YOU'RE ORDERED TO PAY A RESTITUTION FINE OF $200

24    PURSUANT TO 1202.4.

25          PURSUIT TO 1202.45, YOU ARE FINED AN ADDITIONAL $200.

26    THAT IS SUSPENDED AND WILL REMAIN SUSPENDED UPON

27    SUCCESSFUL COMPLETION OF PAROLE.

28          THE COURT MISSPOKE.  I CAN SEE FROM THE REPORT THERE

1    ARE AMOUNTS -- I CAN ALSO SEE THAT AT LEAST ONE OF THE

2    VICTIMS DIRECTLY SAID "I DON'T WANT ANYTHING TO DO WITH

3    IT," AND I DON'T HAVE ANYTHING FROM THE OTHER.

4            MS. GEORGE:   IT WAS RECOMMENDED THAT IT BE

5    RESERVED.

6            THE COURT:   AND I THINK I WILL PROBABLY HAVE TO

7    DO THAT.  I'LL RESERVE RESTITUTION IN THIS MATTER, AS TO

8    BOTH VICTIMS.

9        THE DEFENDANT MUST SUBMIT DNA SAMPLES PURSUANT TO 296

10   OF THE PENAL CODE.

11       THE DEFENDANT IS REMANDED TO THE CUSTODY OF THE

12   SHERIFF OF ALAMEDA COUNTY.  -- OH, YOU'RE GIVEN CREDIT FOR

13   TIME SERVED, 47 ACTUAL DAYS.

14           THE BAILIFF:  WAS THAT AT 85 PERCENT, YOUR HONOR?

15           THE COURT:  YES.

16           THE BAILIFF:  PLUS 40 -- DID YOU SAY 45?

17           THE COURT:  47.

18           THE BAILIFF:  YES, 47, PLUS SEVEN, FOR 54.

19           THE COURT:  YES.  54 DAYS CREDIT FOR TIME SERVED.

20   47 PLUS SEVEN, AGAINST THE TWO-YEAR STATE COMMITMENT.

21       HE'S FURTHER ORDERED TO A PAY HUNDRED DOLLAR PROBATION

22   INVESTIGATION FEE.  YOU HAVE THE RIGHT TO A HEARING WITH

23   COUNSEL CONCERNING YOUR ABILITY TO PAY.

24       YOU'RE ORDERED TO PAY A $20 COURT SECURITY SERVICES

25   FEE.  YOU'RE ORDERED TO PAY $100 FOR THE SERVICES OF THE

26   PUBLIC DEFENDER.  YOU HAVE A RIGHT TO A HEARING WITH THE

27   FINANCIAL HEARING OFFICER TO DETERMINE WHETHER OR NOT YOU

28   CAN PAY THAT.

```
1          YOU'RE REMANDED TO THE CUSTODY OF THE SHERIFF --

2               MS. GEORGE:  YOUR HONOR, BEFORE YOU DO THAT,

3     MR. PORTIS HAS ASKED ME TO ASK THE COURT TO GIVE HIM A

4     TWO-WEEK STAY.

5               THE COURT:  A TWO-WEEK STAY?

6               MS. GEORGE:  TWO WEEKS.

7               THE COURT:  AND TO RELEASE THE DEFENDANT.

8               MS. GEORGE:  HE'S HAVING PROBLEMS IN THE JAIL.

9               THE COURT:  PARDON?

10              MS. GEORGE:  HE'S HAVING SOME PROBLEMS IN THE

11    JAIL, AND HE WANTS ME TO FILE WITH THE COURT AND ASK FOR A

12    COURT RELEASE.  I INDICATED I WOULD ASK THE COURT.

13              THE COURT:  IN FAIRNESS ON THIS MOTION, WHAT

14    PROBLEMS DOES HE HAVE THAT WOULD BE CONSIDERED THAT HE

15    STAY LOCKED UP AT THE JAIL INSTEAD OF GOING OFF TO STATE

16    PRISON?

17              MS. GEORGE:  A COPY OF --

18              THE COURT:  HE IS BASICALLY FIGHTING SOME

19    PROCEDURAL ISSUES ABOUT --

20              THE DEFENDANT:  I'M BEING THREATENED I'M GOING TO

21    GET STABBED.  DO YOU KNOW WHAT I'M SAYING?  SO IF I CAN'T

22    GET NO JUSTICE -- I CAN'T GET NO JUSTICE.  THIS MAN, THEM

23    COPS, THEY THREATEN ME EVERY DAY.

24              THE COURT:  ARE YOU TALKING ABOUT ANOTHER INMATE

25    AT THE JAIL?

26              THE DEFENDANT:  I'M TALKING ABOUT A DEPUTY.

27              MS. GEORGE:  IT'S PROVIDED FOR THE COURT.

28              THE DEFENDANT:  IT'S RIGHT THERE.
```

SYLVIA A. RUBINO, CSR 10930

```
 1              THE COURT:  OKAY.  I'M NOT GOING TO GRANT THE
 2    MOTION THAT HE STICK AROUND SO THAT HE CAN FILL OUT
 3    FURTHER COMPLAINTS ABOUT A DEPUTY AND HIS TREATMENT.
 4        IT'S DENIED.
 5        I THINK I WAS AT THE POINT WHERE THE DEFENDANT IS
 6    REMANDED TO THE CUSTODY OF THE SHERIFF OF ALAMEDA COUNTY.
 7    THE SHERIFF OF ALAMEDA COUNTY IS ORDERED TO DELIVER THE
 8    DEFENDANT FORTHWITH TO THE DIRECTOR OF CORRECTIONS AT
 9    SAN QUENTIN.
10        WAS THE ARMING CLAUSE STRICKEN?
11              MS. CAMPBELL:  AS TO MR. PORTIS, IT WAS.
12              MS. GEORGE:  THEY NEVER CHARGED HIM.
13              THE COURT:  OKAY.  MOTION GRANTED TO STRIKE IT.
14    HE DIDN'T MAKE A PLEA TO IT; RIGHT?
15              MS. CAMPBELL:  CORRECT.
16              THE COURT:  IT'S DISMISSED.  STRICKEN -- AS
17    OPPOSED TO STRIKING IT, BECAUSE I DIDN'T SENTENCE HIM ON
18    IT.
19                    (PROCEEDINGS ADJOURNED)
20                         ---OOO---
21              (OTHER MATTERS HEARD, NOT TRANSCRIBED.)
22                         ---OOO---
23
24
25
26
27
28
```

1    STATE OF CALIFORNIA)

2                       )    SS

3    COUNTY OF ALAMEDA  )

4

5         I, SYLVIA A. RUBINO, A CERTIFIED SHORTHAND REPORTER

6    OF THE STATE OF CALIFORNIA, DO HEREBY CERTIFY THAT THE

7    FOREGOING IS A FULL, TRUE AND ACCURATE TRANSCRIPT OF MY

8    SHORTHAND NOTES TAKEN OF THE AFOREMENTIONED PROCEEDINGS

9    AT THE TIME AND PLACE THEREIN INDICATED.

10

11              IN WITNESS WHEREOF, I HAVE HEREUNTO SET MY HAND

12   THIS 1ST DAY OF NOVEMBER, 2006.

13

14

15

16

17        SYLVIA A. RUBINO, CSR #10930

18

19

20

21

22

23

24

25

26

27

28

SYLVIA A. RUBINO, CSR 10930



ACCLAMATION INSURANCE
MANAGEMENT SERVICES

4/16/07

John Portis
CDC F49814
San QuentinState Prison
CSP-SO-1D6L
San Quentin, Ca. 94974

      RE:    John Portis v. County of Alameda
             County Claim No: 07 5154
             D/L  9/27/06-11/1/06      :

Dear

NOTICE IS HEREBY GIVEN that the claim for damages you presented to the Clerk, Board of
Supervisors of Alameda County on _3/28/07 was rejected on 4/16/07

### WARNING

Subject to certain exceptions, you have only six (6) months from the date this notice was personally
delivered or deposited in the mail to file a court action on this claim. See Government Code
Section 945.6. You may seek the advice of an attorney of your choice in connection with this
matter. If you desire to consult an attorney, you should do so immediately.

This notice applies only to actions for which a California Government Code claim is required.

Very truly yours,

*mike Chuchy*
*for alomeda County*

P.O. Box 2147
Oakland, CA 94621
510/633-5650
Fax: 510/633-5673
www.aims4claims.com
CAL. LIC. 2772984




## PROOF OF SERVICE BY MAIL

I declare I am employed in the County of Alameda, over the age of eighteen and not a party to the within cause.

My business address is P. O. Box 2147, Oakland, Ca. 94621

I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service and that correspondence would be deposited with the United States Postal Service the same day in the ordinary course of business.

I placed a copy of the rejection letter regarding Alameda County Claim No: _07 5154_____ in an envelope, which envelope was then sealed and placed for collection and mailing on this date following ordinary business practices and addressed to the person listed as follows:
John Portis
CDC F49814
San Quentin State Prison
CSP-SO-1D6L
San Quentin,Ca. 94974
I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed in the County of Alameda on __4/16/07_____.

Signature

Form 1

**INMATE APPEALS BRANCH**
1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



May 21, 2008

PORTIS, JOHN, F49814
High Desert State Prison
P.O. Box 270220
Susanville, CA 96127

RE: IAB# 0728246    SQ-07-02501    STAFF COMPLAINTS

Mr. PORTIS:

The Inmate Appeals Branch, California Department of Corrections and Rehabilitation (CDCR) acts for the Director, Division of Adult Institutions, at the third level of appeal. The Branch examines and responds to inmate and parolee appeals that are submitted on a CDC Form 602, Inmate/Parolee Appeal Form, after the institution or parole region has responded at the Second Level of Appeal.

Institution and parole staff are available to assist you in obtaining additional copies of forms and documents required to submit an appeal. The inmate library offers resources and assistance to obtain general information regarding regulations, procedures, policies, and government agency addresses. Additionally, your assigned Counselor or Parole Agent, or the Appeals Coordinator can answer any questions you may have regarding the appeals process. The Inmate Appeals Branch appreciates your responsible use of the appeal system to address your grievance.

The Inmate Appeals Branch has received an appeal from you and has determined that it does not comply with the appeal procedures established in California Code of Regulations (CCR) Title 15, Article 8, and is being screened-out and returned to you pursuant to CCR 3084.3 for the following reason(s):

An appellant must submit the appeal within 15 working days of the event or decision being appealed, or of receiving a lower level decision in accordance with CCR 3084.6(c).

*M. Grani*

N. GRANNIS, Chief
Inmate Appeals Branch

*I would Like to Add this to my LawSuit First Amended Complaint Case No. Co7-2807 WHA (PR)*

**\*\*\*\*PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE\*\*\*\***

GTOT Second Copy    Copy of-1

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region

1. _____ SQ _____    1. _____ 07-02501 _____    Category 7

2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

P/RTA ESCORT C/O MM, TAYLOR FOI

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| MR. John Portis | F49814 | A | AVP KW 202 |

A. Describe Problem: 3004 Right and respect of Others. (a) Inmate and employees shall be treated with respect and Fairly by all employees. MM. TAYLOR tried to provoke me to do violence by calling me a nigger. On Thursday may 31, 2007 at approximately 1255 hours. MS. M. Taylor told me to go right ahead and write a 602 because nothing will come of it So go head and write it. I was upstairs on the Fourth Floor. I would like to File a Citizen's Complaint. And I also know that her husband is Lieutenant Taylor. Just because ms Taylor is married to a Black man

If you need more space, attach one additional sheet.

B. Action Requested: 3391 Employee Conduct. (a)(b) (c) (d) Because I could had got jump on by Staff For ms Taylor behavior. And I would like For the one 115 Drop. Think you. 3390.(a) MS. Taylor really needs angermanagement Classes. MS Taylor Should not work here at COC

Inmate/Parolee Signature: Mr. john Portis    JUN 20 REC'D    Date Submitted: 5-31-07

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

**Bypass**

INMATE APPEALS BRANCH

RECEIVED APR 14 2008

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

**Bypass**

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed    CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

First Level    ☐ Granted    ☑ P. Granted    ☐ Denied    ☐ Other    JUN 2 0 2007

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____    Due Date: AUG 0 2 2007

Interviewed by: _R. P. Koman  LT_

(SEE ATTACHED LTR)

Staff Signature: _____    Title: _LIEUTENANT_    Date Completed: _2/1/07_

Division Head Approved
Signature: _____    Title: _____    Returned
                                                        JUL 1 1 REC'D    Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

I would like to know what part was partially Granted and I would like for this 602 to go to the Second level, mm. TAYLOR is very disrespectful to inmate thats not right. And I would like my Citizens complaint to go all the way. MS. Taylor should not work at Knox Corrections

Signature: _John Port_    AUG 2 3 REC'D    Date Submitted: _8-19-07_

Second Level    ☐ Granted    ☑ P. Granted    ☐ Denied    ☐ Other _____    AUG 2 3 2007

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: AUG 2 3 2007    Due Date: SEP 2 1 2007

☐ See Attached Letter

Signature: _Brian Cott_    Date Completed: _2-27-08_    MAR 0 4 REC'D

Warden/Superintendent Signature: _____    Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

I am dissatisfied it is alright for a C/O ms. Taylor to call inmate niggers and what part of the 602 was Granted I'm in the U.S. District courts. I even ask for my 30 days back. But this is one thing that I learn that all inmates is not lieing. I have a Attorney Now. I even aske why she call me a nigger. So I am have a Lawsuit Going right now. And they call this justice. For this to be drop give my tim Sou

Signature: _John Port_    Date Submitted: _4-9-08_

For the Director's Review, submit all documents to:    Director of Corrections
                                                         P.O. Box 942883
                                                         Sacramento, CA 94283-0001
                                                         Attn: Chief, Inmate Appeals

0728246

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter

Date: _____

CDC 602 (12/87)

State of California                                                                ATTACHMENT E-3

# **Memorandum**

Date    :    February 27, 2008

To      :    PORTIS F49814
            1-W-20L
            SAN QUENITN STATE PRISON

Subject:    **STAFF COMPLAINT RESPONSE - APPEAL # CSQ-6-07-2501**

APPEAL ISSUE: The appellant alleged Correctional Officer M Taylor violated CCR 3004 – Rights and Respects of Others by calling you a "nigger" and attempting to provoke you into violence.

**DETERMINATION OF ISSUE**: A review of the allegations of staff misconduct presented in the written complaint has been completed. Based upon this review your appeal has been handled as follows:

☒    PROCESSED AS A STAFF COMPLAINT APPEAL INQUIRY
☐    REFERRED TO THE OFFICE OF INTERNAL AFFAIRS (OIA).

**SUMMARY FOR APPEAL INQUIRY:**

You were interviewed telephonically at Pleasant Valley State Prison on July 2, 2007 by Correctional Lieutenant R.P. Roman present in the room with you was Correctional Sergeant Gonzales of "B" Facility. You restated your contentions in the Staff Complaint.

**CHOOSE ONE:**

☒ A Confidential Inquiry was conducted. The following witness was questioned: Correctional Officer M. Taylor. The following information was reviewed as a result of your allegations of staff misconduct: CDCR 602 Log # CSQ-6-07-2501.

☐ This matter has been referred to the Office of Internal Affairs for follow-up and a possible investigation. If investigated, upon completion of that investigation you will be notified as to whether the allegations were SUSTAINED, NOT SUSTAINED, UNFOUNDED, EXONERATED or that NO FINDING was possible. In the event that the matter is not investigated, but returned by OIA to the institution or region to conduct a Confidential Inquiry, you will be notified upon the completion of that inquiry as to whether it was determined that staff violated, or did not violate policy.

**FINDINGS FOR AN APPEAL INQUIRY:**

Your appeal is PARTIALLY GRANTED at the ☐ First level ☒ Second level:

☒ An inquiry into your allegation has been conducted.

☐ An investigation is being conducted by the Office of Internal Affairs

ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE. As such, the details of any inquiry will not be shared with staff, members of the public, or inmates. Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process. However, you have the right to be notified if after a review of your allegations, it is determined that staff violated CDCR policy. In this case:

☐ The inquiry is not yet complete

☒ The inquiry is complete. Staff did not violate CDCR policy.

Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process. If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Director's Level of Review. Once a decision has been rendered at the Director's Level of Review, your administrative remedies will be considered exhausted.

Please print and sign below:

R. L. Ayers, Jr. - Warden/CDW/HCM (Second Level)                    Date

Copy of 1
07-2501

~~Bob Give her the right to call me a nigger~~
does not give her the right to call me a
nigger. That's why I call her a bitch

John Portis
John PORTIS
5-31-07

``State of California

# Memorandum

Date  :  July 11, 2007

To    :  PORTIS, JOHN, F-49814

Subject:    **STAFF COMPLAINT RESPONSE - APPEAL CSQ-4-07-02501**

**APPEAL ISSUE:**  Complaint Against Staff

**DETERMINATION OF ISSUE**: A review of the allegations of staff misconduct presented in the written complaint has been completed. Based upon this review your appeal has been handled as follows:

☒ PROCESSED AS A STAFF COMPLAINT APPEAL INQUIRY
☐ REFERRED TO THE OFFICE OF INTERNAL AFFAIRS (Note: You will be notified of the conclusion of any internal affairs investigation)

**SUMMARY FOR APPEAL INQUIRY:**
You were interviewed by telephone on 07/02/07 by Lieutenant R. P. Roman. Present in the room at Pleasant Valley State Prison was Sergeant Gonzalez of "B" Facility. You stated that Correctional Officer M. Taylor violated Director's Rule 3004 (Rights and Respect of Others); Specifically, Officer Taylor attempted to provoke you into committing violence by calling you a "nigger". The following information was reviewed as a result of your allegations of staff misconduct: CDCR Form 602.

**FINDINGS FOR AN APPEAL INQUIRY:**
Your appeal is PARTIALLY GRANTED at the ☒ First level ☐ Second level, as an inquiry into your allegation has been conducted. ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE. As such, results of any inquiry/investigation will not be shared with staff, members of the public, or inmates. Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process.

Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process. If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Director's Level of Review. Once a decision has been rendered at the Director's Level of Review, your administrative remedies will be considered exhausted.

Please print and sign below:

B. WELCH                                                    07/11/07
Associate Warden, Health Care Services              Date

From PVSP

559.935-4989

1 of 1

To:
LT. R.P. Roman

Re: F/n Torris

STATE OF CALIFORNIA
RIGHTS AND RESPONSIBILITY STATEMENT
CDCR 1858 (Rev. 10/06)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections and Rehabilitation has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

**Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:**

**YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER** [this includes a departmental peace officer] **FOR ANY IMPROPER POLICE** [or peace] **OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS'** [or inmates/parolees'] **COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY.** CITIZEN [or inmate/parolee] **COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.**

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED |
|---|---|---|
| PORTES, Alan | | 7-2-07 |
| INMATE/PAROLEE PRINTED NAME | INMATE/PAROLEE'S SIGNATURE | CDC NUMBER / DATE SIGNED |
| X  ODEN S, John | | F-45974  7-2-07 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED |
| R.P. Komm | | 7-2-07 |

DISTRIBUTION:
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



May 21, 2008

PORTIS, JOHN, F49814
High Desert State Prison
P.O. Box 270220
Susanville, CA 96127

RE: IAB# 0728244    SQ-07-02470    STAFF COMPLAINTS

Mr. PORTIS:

The Inmate Appeals Branch, California Department of Corrections and Rehabilitation (CDCR) acts for the Director, Division of Adult Institutions, at the third level of appeal. The Branch examines and responds to inmate and parolee appeals that are submitted on a CDC Form 602, Inmate/Parolee Appeal Form, after the institution or parole region has responded at the Second Level of Appeal.

Institution and parole staff are available to assist you in obtaining additional copies of forms and documents required to submit an appeal. The inmate library offers resources and assistance to obtain general information regarding regulations, procedures, policies, and government agency addresses. Additionally, your assigned Counselor or Parole Agent, or the Appeals Coordinator can answer any questions you may have regarding the appeals process. The Inmate Appeals Branch appreciates your responsible use of the appeal system to address your grievance.

The Inmate Appeals Branch has received an appeal from you and has determined that it does not comply with the appeal procedures established in California Code of Regulations (CCR) Title 15, Article 8, and is being screened-out and returned to you pursuant to CCR 3084.3 for the following reason(s):

An appellant must submit the appeal within 15 working days of the event or decision being appealed, or of receiving a lower level decision in accordance with CCR 3084.6(c).

*M. Grani*

N. GRANNIS, Chief
Inmate Appeals Branch        I would like to Add this to my
Lawsuit First Amended Complaint.

Case No  C 07-2807 WHA(PR)

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

**TREAT AS ORIGINAL**

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region          Log No.                    Category
1. ___30___                          1. _07-02470_          _1_ _9_
2. _____                          2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | | UNIT/ROOM NUMBER |
|------|--------|------------|---|-----------------|
| John PoRTiS | F49814 | O | fol | 4-0-23L |

A. Describe Problem: On 5-15-07 at approximately 0830 I was coming back from breakfast that morning. So when I came back from the morning breakfast I Stop and asked C/o ALverez can I would like to Speak to Some one and then I Said I been here Since 11-13-06. then he gave me a Direct order So I Started walking toward my ce to remaind you I have a bad knee and walk with a Came So as I'm walking I Stop to rest because of my knee. C/o ALverez did not have to do me like that. I have witnesses

If you need more space, attach one additional sheet.

B. Action Requested: I would like to file a Citizen Complaint and a 3391 Employee Conduct. This is a cruel and unusual Punishment. I Feel that my like is in grat danger with Staff like that working in a Facilit like this I Still Feel my life is in danger. I wrote the Cour all ready

Inmate/Parolee Signature: _Mr john Porti_     JUN 11 RECV MAY 2 3 RECD    Date Submitted: 5-15-07

C. INFORMAL LEVEL (Date Received: _____)

Staff Response:

**Bypass**

RECEIVED APR 14 2008 INMATE APPEALS BRANCH

Staff Signature: _____     Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

I am dissatisfied because I was hurt by him pulling me to the ground and I got push in my back like I was a animal. MY right been getting violate Since I been here Send this to the Second level, this is Evidence

Signature: _____     Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed     CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

First Level   ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: **JUN 1 1 2007**    Due Date: **JUL 2 4 2007**

Interviewed by: *See Attached memo*

Staff Signature: _____    Title: _____    Date Completed: 10/16/07

Division Head Approved: _____

Signature: _____    Title: AC(A)    Returned
                                         **OCT 1 6 RECD**    Date to Inmate: 10/16/07

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

I am not Satisfied with the response just like you no C/o's lie as well, and C/o F. Alvarez did not have to use any force at all he did because he can I never refus a direct order, He i

n violation was committed by a person acting under the color of state law
west v. Atkins, 487 U.S. 42, 48 (1983)    John Port    Go to the Second
Signature: _____                **OCT 2 9 RECD**    Date Submitted: 10/28/07
                                         **NOV 0 1 RECD**

Second Level   ☐ Granted   ☒ P. Granted   ☐ Denied   ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: **NOV 0 1 2007**    Due Date: **DEC 0 4 2007**

☐ See Attached Letter

Signature: _____    Date Completed: 3-2-08
                                         **MAR 0 6 RECD**
Warden/Superintendent Signature: _____    Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response. I am Handicap

like I said they was wrong by putting there hands on me
There was no need for C/o.F.Alvarez to use any physical force
So what they are saying it's okay to do handicap like that
I am Suing The State of California, Department of Corrections
and Rehabilitation for pain and Suffering. I am ask for my time
back and with what ever my Lawyer ask for I am in court's
Signature: John Port    Date Submitted: 4-9-08

For the Director's Review, submit all documents to: Director of Corrections
                                                     P.O. Box 942883
                                                     Sacramento, CA 94283-0001
                                                     Attn: Chief, Inmate Appeals

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DIRECTOR'S ACTION:   ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____
☐ See Attached Letter                                                Date: _____

CDC 602 (12/87)    ORIGINAL
                   CA STATE

0728244

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE

CDC 114-D (Rev 10/98)

DISTRIBUTION:
WHITE - CENTRAL FILE
BLUE - INMATE (2ND COPY)
GREEN - ASU

CANARY - WARDEN
PINK - HEALTH CARE MGR
GOLDENROD - INMATE (1ST COPY)

| INMATE'S NAME | CDC NUMBER |
|---|---|
| PORTIS | F-49814 |

## REASON(S) FOR PLACEMENT *(PART A)*

[✓] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

[ ] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

[ ] ENDANGERS INSTITUTION SECURITY        [ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:

On Tuesday May 15, 2007, you are being placed on Administrative Segregation status for refusing a direct order, requiring use of force. Based on the foregoing, your presence in the Reception Center general population is deemed to be a threat to the safety and security of the institution, staff, and other inmates. You are being re-housed and placed in Administrative Segregation status pending review by the Institutional Classification Committee (I.C.C.) of your program/housing needs. Inmate PORTIS is/is not a participant in the Mental Health Delivery System.

[ ] CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL)    [ ] IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE:

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| 5-15-07 | E. EVANS | | Cor. Lieut. |

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|
| 5-15-07 | | E. EVANS | | Cor. Lieut. |

| INMATE REFUSED TO SIGN | INMATE SIGNATURE | CDC NUMBER |
|---|---|---|
| | M. Portis | F-49814 |

## ADMINISTRATIVE REVIEW *(PART B)*

*The following to be completed during the initial administrative review by Captain or higher by the first working day following placement*

| STAFF ASSISTANT (SA) | | INVESTIGATIVE EMPLOYEE (IE) | |
|---|---|---|---|
| STAFF ASSISTANT NAME | TITLE | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |

### IS THIS INMATE:

LITERATE?                                    [✓] YES   [ ] NO
FLUENT IN ENGLISH?                           [✓] YES   [ ] NO
ABLE TO COMPREHEND ISSUES?                   [✓] YES   [ ] NO
FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS?   [ ] YES   [ ] NO
DECLINING FIRST STAFF ASSISTANT ASSIGNED?    [ ] YES

[ ] NO  EVIDENCE COLLECTION BY IE UNNECESSARY    [ ] YES   [ ] NO
[ ] NO  DECLINED ANY INVESTIGATIVE EMPLOYEE      [ ] YES   [ ] NO
[ ] NO  ASU PLACEMENT IS FOR DISCIPLINARY REASONS   [✓] YES   [ ] NO
[ ] NO  DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED   [ ] YES

Any "NO" requires SA assignment

[✓] NOT ASSIGNED        [✓] NOT ASSIGNED

Any "NO" may require IE assignment

### INMATE WAIVERS

[ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER    [✓] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

| [X] NO WITNESSES REQUESTED BY INMATE | INMATE SIGNATURE *Unable to sign* | DATE 5-16-07 |
|---|---|---|

### WITNESSES REQUESTED FOR HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |

**DECISION:** [ ] RELEASE TO UNIT/FACILITY____  [✓] RETAIN PENDING ICC REVIEW  [ ] DOUBLE CELL  [ ] SINGLE CELL PENDING ICC

REASON FOR DECISION: *Use of force needed to comply to order. Safety to staff and security of the institution.*

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| L. Meuntr | Corr. Capt. (A) | 5-16-07 | 10:49 | |
| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | | DATE OF REVIEW |

**See chronological Classification Review document (CDC 128 - G) for specific hearing information**

MR. John PORTiS  CDC: F49814

I would like to know why aint none
of my 602 have not been answer
that is very wrong my right is violate
and I got yet for anyone to let me know
what is going on I Sent a ComplAint
under the Civil RIGHTS ACT, 42 U.S. 1983
I Sent my Complaints to the Courts
They Sent me my Case number.
* All my 602 is over do. These LOG number
Got yet to be answer at the First level

LOG number: CSQ-4-07-01998
LOG number: CSQ-4-07-01993
LOG number: CSQ-4-07-01960
LOG number: CSQ-4-07-0324
LOG number: CSQ-4-07-01851
LoG number CSQ-4-07-00018

And I hope that these's LOG number
dont take 5 months like all the other
and I got yet to get the 602's back for
I can Send them to the third level
LOG number: CSQ-4-07-01851
LOG number: CSQ-4-07-00018
Could Some Send these's 602 back for I can
Send them to the THird level for appeal

State of California
CDC·FORM 695
Screening For: ,
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*May 29, 2007*

*PORTIS, F49814*
~~JD38~~ (-w-⊃oL

Log Number: CSQ-4-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*You have not included evidence of an attempt to resolve the problem at the Informal Level. The Informal Level of Review is waived for appeals of classification actions; serious disciplinaries; CSR actions; departmental regulations, policies or operational procedures; staff complaints; and exceptional circumstances as defined in CCR 3084.7. Obtain an informal response by sending your appeal directly to:*

*UNIT SERGEANT.*

Appeals Coordinator
San Quentin State Prison

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

| **PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE** |
| --- |

⁚JUN 1 1 REC'D

Attachment E    2/21/06

State of California

# Memorandum

Date    :    August 15, 2007

To    :    Portis
F-49814, Pleasant Valley State Prison

Subject:    **STAFF COMPLAINT RESPONSE - APPEAL # CSQ-06-07-02470**

**APPEAL ISSUE:** Inmate Portis is alleging that Correctional Officer R. Alvarez pulled him to the ground and pushed him in the back.

**DETERMINATION OF ISSUE**:  A review of the allegations of staff misconduct presented in the written complaint has been completed.  Based upon this review your appeal has been handled as follows: After careful consideration of the issues presented and the information obtained, you have failed to participate or provide evidence which substantiates and/or supports your claim.    You indicated that Correctional Officer R. Alvarez pulled you to the ground and pushed you in the back. After interviewing all staff involved your allegations appear to be false.

☒  PROCESSED AS A STAFF COMPLAINT APPEAL INQUIRY
☐  REFERRED TO THE OFFICE OF INTERNAL AFFAIRS

**SUMMARY FOR APPEAL INQUIRY:**
On Friday August 10, 2007, Correctional Sergeant A. Levingston interviewed you concerning these issues alleged in the above-indicated inmate appeal. You stated that on your own accord, you were getting ready to lie down on the ground in protest for not being able to speak with a Sergeant or Lieutenant. You further stated that Officer Alvarez is not like that, the situation would not have escalated to the point of Officer Alvarez activating his alarm if someone had not taken your cane from you. You insisted that you were not waving the cane around or trying to hit anyone with it. The following information was reviewed as a result of your allegations of staff misconduct: your interview statements, Officer Alvarez interview statements and the 114D.

**FINDINGS FOR AN APPEAL INQUIRY:**
Your appeal is DENIED at the ☒ First level ☐  Second level, as an inquiry into your allegations has been conducted. ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE.  As such, results of any inquiry/investigation will not be shared with staff, members of the public, or inmates.  Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process.

State of California'                                                                        ATTACHMENT E-3

# Memorandum

HDP
A2-135 L

Date    :    March 2, 2008

To    :    PORTIS F49814
~~PVSP~~ Fol
SAN QUENITN STATE PRISON

Subject:    **STAFF COMPLAINT RESPONSE - APPEAL # CSQ-6-07-2470**

APPEAL ISSUE:  The appellant claims he was returning from the morning meal and due to his bad knee, stopped to rest before going to his cell.  The appellant alleged Correctional Officer R. Alvarez pulled the appellant to the ground, and then pushed him in the back.

**DETERMINATION OF ISSUE**: A review of the allegations of staff misconduct presented in the written complaint has been completed. Based upon this review your appeal has been handled as follows:

☒  PROCESSED AS A STAFF COMPLAINT APPEAL INQUIRY
☐  REFERRED TO THE OFFICE OF INTERNAL AFFAIRS (OIA).

**SUMMARY FOR APPEAL INQUIRY:**

You were interviewed telephonically at Pleasant Valley State Prison on August 10, 2007 by Correctional Sergeant A. Levingston. The appellant restated his allegations and indicted he was getting ready to lie down on the ground in protest for not being denied to speak with the Unit Sergeant or Unit Lieutenant.  The appellant stated C/O Alvarez would not have activated his alarm if someone would not have grabbed the appellant's cane.

**CHOOSE ONE:**

☒ A Confidential Inquiry was conducted.  The following witness was questioned: Correctional Officer R. Alvarez. The following information was reviewed as a result of your allegations of staff misconduct: CDCR 602 Log # CSQ-6-07-2470 dated May 15, 2007, CDCR 114-D dated May 15, 2007.

☐ This matter has been referred to the Office of Internal Affairs for follow-up and a possible investigation.  If investigated, upon completion of that investigation you will be notified as to whether the allegations were SUSTAINED, NOT SUSTAINED, UNFOUNDED, EXONERATED or that NO FINDING was possible.  In the event that the matter is not investigated, but returned by OIA to the institution or region to conduct a Confidential Inquiry, you will be notified upon the completion of that inquiry as to whether it was determined that staff violated, or did not violate policy.

**FINDINGS FOR AN APPEAL INQUIRY:**

Your appeal is PARTIALLY GRANTED at the ☐ First level ☒ Second level:

☒ An inquiry into your allegation has been conducted.

☐ An investigation is being conducted by the Office of Internal Affairs

ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE. As such, the details of any inquiry will not be shared with staff, members of the public, or inmates. Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process. However, you have the right to be notified if after a review of your allegations, it is determined that staff violated CDCR policy. In this case:

☐ The inquiry is not yet complete

☒ The inquiry is complete. Staff did not violate CDCR policy.

Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process. If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Director's Level of Review. Once a decision has been rendered at the Director's Level of Review, your administrative remedies will be considered exhausted.

Please print and sign below:

_____          3-4-08
R. L. Ayers, Jr. - Warden/CDW/NCM (Second Level)        Date



High Desert State Prison

P. O. BOX 3030
Susanville, CA Reno NV 895

RECEIVED

JUL - 9 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

STATE PRISON

OFFICE OF THE CLERK, U.S. DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVENUE
SAN FRANCISCO, CALIFORNIA 94102

A2

LEGAL MAIL

7/3/08

