IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PORTIS, | No. C 07-3975 WHA (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| Deputy G. ARNOLD; Deputy M. IBARRA; Deputy K. HENDRICKSEN; Deputy Sergeant SHAULL; | |
| Defendants. | |

Plaintiff, a California prisoner proceeding pro se, filed this pro se civil rights complaint under 42 U.S.C. 1983. After the complaint was dismissed with leave to amend, plaintiff filed a timely amended complaint.

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Plaintiff filed his amended complaint purportedly on behalf of himself and a "class" of

other individuals who were inmates at the Santa Rita County Jail with plaintiff at the time of the incidents complained of in the complaint. Plaintiff seeks class certification and to proceed as a class action on behalf himself and other inmates, claiming that defendants violated their rights under the state and federal constitutions. Pro se prisoner plaintiffs may not bring class actions. They are not qualified to act as class representatives as they are unable to fairly represent and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23(a); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *see also Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) (holding that "a litigant appearing in propria persona has no authority to represent anyone other than himself").

Accordingly, this case is **DISMISSED** without prejudice to plaintiff's filing a new action solely on his own behalf.

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: January 28, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.07\PORTIS975.DSM.wpd